UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------x
JANICE JOHNSON,

                  Plaintiff,

-against-

MACY'S,
BLUE CHIP 2000 COMMERCIAL
CLEANING, INC.,

                  Defendants.
---------------------------------x

Docket No.: 1:20-cv-06362-WFK-SJB

<u>AMENDED VERIFIED COMPLAINT</u>

Plaintiff, JANICE JOHNSON, by and through her attorney DOMINICK W. LAVELLE, ESQ, complaining of the defendants, hereby alleges as follows:

1. That at all times hereinafter mentioned, Plaintiff JANICE JOHNSON was and is a resident of the County of Kings, State of New York, residing at 21 Sunnyside Court, Brooklyn, New York 11207.

2. That at all times hereinafter mentioned, and upon information and belief, Defendant, MACY'S was and is a duly organized domestic corporation or other business entity with a principal address of 7 West 7th Street, Cincinnati, Ohio 45202.

3. That at all times hereinafter mentioned, and upon information and belief, Defendant, BLUE CHIP 2000 COMMERCIAL CLEANING, INC. was and is a duly organized domestic corporation or other business entity with a principal address of 6001 Madison Avenue, Cincinnati, Ohio 45202.

## AS AND FOR A FIRST CAUSE OF ACTION
(Negligence Against Defendant MACY'S)

4. Plaintiff repeats and realleges each of the allegations contained in paragraph "1" through "3" of the Complaint as if set forth herein at length.

5. Upon information and belief, and at all times hereinafter mentioned, defendant was the owner of a certain property located at 422 Fulton Street Brooklyn, New York 11201 (the "Premises").

6. Upon information and belief, and at all times hereinafter mentioned, defendant was the operator of the Premises.

7. Upon information and belief, and at all times hereinafter mentioned, defendant controlled the Premises.

8. Upon information and belief, and at all times hereinafter mentioned, defendant maintained the Premises.

9. Upon information and belief, and at all times hereinafter mentioned, defendant was the managing agent of the Premises.

10. That at all times hereinafter mentioned, the defendant, their employees, servants and agents, operated, controlled, maintained and managed the premises, it being the duty of the defendant, their employees, servants and agents to keep said premises in a safe and habitable condition, to be so constructed,

equipped, operated and maintained so as to provide reasonable and adequate protection to the lives, health and safety of all persons and tenants frequenting the Premises.

11. That on or about the 2nd day of December, 2019, Plaintiff JANICE JOHNSON was lawfully upon said premises.

12. That on or about the 2nd day of December, 2019, while plaintiff was inside the premises, she slipped and fell on a wet ceramic floor near the entrance of the premises. There was no warning sign of any sort.

13. Plaintiff JANICE JOHNSON was caused to sustain severe injuries as a result of defendant's negligence, recklessness and wanton disregard in allowing the area where she was injured to be in a dangerous and unsafe condition.

14. Plaintiff's accident was due solely to the negligence, carelessness, recklessness and wanton disregard of the defendant in failing to maintain, prevent and correct the obviously dangerous conditions in the Premises; in permitting the floor to remain in a hazardous, and defective condition for a long period of time prior to plaintiff's accident; in failing to properly notify plaintiff of the dangers; in failing to inspect and clean the defective area before the accident occurred, by failing to provide a caution sign; in failing to rope off the dangerous condition and in sum creating and perpetuating the dangerous conditions which existed for a

significant period of time that in the exercise of reasonable care defendant knew or should have known of its existence and corrected it.

15. Defendant created the dangerous condition.

16. Defendant had notice or knowledge of the dangerous condition.

17. Defendant by the exercise of due care and concern, should have had knowledge of the dangerous condition for a long time prior to this accident.

18. That by reason of the defendant's negligence, plaintiff has suffered serious injuries. The injuries are permanent and are the cause of great physical pain and mental anguish, present and future.

19. That the amount of damages alleged herein exceeds the jurisdictional limit of any other inferior court that would otherwise have jurisdiction over this matter.

WHEREFORE, Plaintiff JANICE JOHNSON demands judgment against defendant MACY'S for damages alleged herein in a sum that is both just and fair, the costs and disbursements of this action and such other and further relief this court deems just and proper.

## AS AND FOR A SECOND CAUSE OF ACTION
(Negligence Against Defendant
BLUE CHIP 2000 COMMERCIAL CLEANING, INC.)

20. Plaintiff repeats and realleges each of the allegations contained in paragraph "1" through "19" of the Complaint as if set forth herein at length.

21. Upon information and belief, and at all times hereinafter mentioned, defendant was the owner of a certain property located at 422 Fulton Street Brooklyn, New York 11201 (the "Premises").

22. Upon information and belief, and at all times hereinafter mentioned, defendant was the operator of the Premises.

23. Upon information and belief, and at all times hereinafter mentioned, defendant controlled the Premises.

24. Upon information and belief, and at all times hereinafter mentioned, defendant maintained the Premises.

25. Upon information and belief, and at all times hereinafter mentioned, defendant was the managing agent of the Premises.

26. That at all times hereinafter mentioned, the defendant, their employees, servants and agents, operated, controlled, maintained and managed the premises, it being the duty of the defendant, their employees, servants and agents to keep said premises in a safe and habitable condition, to be so constructed,

equipped, operated and maintained so as to provide reasonable and adequate protection to the lives, health and safety of all persons and tenants frequenting the Premises.

27. That on or about the 2nd day of December, 2019, Plaintiff JANICE JOHNSON was lawfully upon said premises.

28. That on or about the 2nd day of December, 2019, while plaintiff was inside the premises, she slipped and fell on a wet ceramic floor near the entrance of the premises. There was no warning sign of any sort.

29. Plaintiff JANICE JOHNSON was caused to sustain severe injuries as a result of defendant's negligence, recklessness and wanton disregard in allowing the area where she was injured to be in a dangerous and unsafe condition.

30. Plaintiff's accident was due solely to the negligence, carelessness, recklessness and wanton disregard of the defendant in failing to maintain, prevent and correct the obviously dangerous conditions in the Premises; in permitting the floor to remain in a hazardous, and defective condition for a long period of time prior to plaintiff's accident; in failing to properly notify plaintiff of the dangers; in failing to inspect and clean the defective area before the accident occurred, by failing to provide a caution sign; in failing to rope off the dangerous condition and in sum creating and perpetuating the dangerous conditions which existed for a

significant period of time that in the exercise of reasonable care defendant knew or should have known of its existence and corrected it.

31. Defendant created the dangerous condition.

32. Defendant had notice or knowledge of the dangerous condition.

33. Defendant by the exercise of due care and concern, should have had knowledge of the dangerous condition for a long time prior to this accident.

34. That by reason of the defendant's negligence, plaintiff has suffered serious injuries. The injuries are permanent and are the cause of great physical pain and mental anguish, present and future.

35. That the amount of damages alleged herein exceeds the jurisdictional limit of any other inferior court that would otherwise have jurisdiction over this matter.

WHEREFORE, Plaintiff JANICE JOHNSON demands judgment against defendant BLUE CHIP 2000 COMMERCIAL CLEANING, INC. for damages alleged herein in a sum that is both just and fair, the costs and disbursements of this action and such other and further relief this court deems just and proper.

Dated: Locust Valley, New York
      September 7, 2021

Respectfully submitted,

_____
Dominick W. Lavelle, Esq.
Attorney for Plaintiff
152 Forest Avenue
Locust Valley, New York 11560
T: (516) 739-8111

st\johnson.820\avc